UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | **NOT FOR PUBLICATION**<br><br>Case No. 12-12020 (MG)<br>Chapter 11<br><br>Jointly Administered |
| Yvonne D. Lewis, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC, Mortgage Co., LLC,<br><br>Defendant. | Adv. Proc. No. 12-01731 |

**MEMORANDUM OPINION AND ORDER DENYING THE LEWISES' SUMMARY JUDGMENT MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, AND GRANTING THE DEBTORS' MOTION FOR JUDGMENT ON THE PLEADINGS**

*A P P E A R A N C E S:*

SIDNEY T. LEWIS
YVONNE D. LEWIS
*Pro Se*
1875 Alvason Avenue
Columbus, Ohio 43219

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:   Stefan W. Engelhardt, Esq.
      Samantha Martin, Esq.

1

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court in this adversary proceeding are two motions: the *Motion for Summary Judgment by Plaintiffs, Grounded on (I) Federal Preemptions for Federal Programs Under HUD (42 U.S.C. Section 3535(i)(1) and U.S. DOT (49 U.S.C. Section 47502); and "Separation of Powers" of Federal Agencies on 09/08/2011 in State Court Case No. 05-cv-4555, Fr. Cnty., Ohio,* filed by Sidney T. Lewis, Yvonne D. Lewis ("Plaintiffs' Summary Judgment Motion," ECF Doc. # 12); and the *Debtors' Motion for Judgment on the Pleadings in Response to Yvonne D. Lewis, et al's Adversary Complaint by Surplus Creditor for False Claims and RICO, 31 U.S.C.A. 3729 to 3733; 18 U.S.C. 666, 1962; BR Rule 7008* ("Defendants' Motion for Judgment on the Pleadings," ECF Doc. # 14). Plaintiffs have also asked for leave to amend their complaint. (ECF Doc. # 18.) Plaintiffs have a documented history of vexatious litigation. The incomprehensible complaint filed in this case is the most recent example of such conduct.

For the following reasons, the Court **DENIES** Plaintiffs' Summary Judgment Motion and **GRANTS** Defendants' Motion for Judgment on the Pleadings, with prejudice. The Plaintiffs' Motion to Amend the Complaint is also **DENIED**.

## I.  BACKGROUND

The Plaintiffs filed a complaint commencing this adversary proceeding on June 22, 2012 (the "Complaint," ECF Doc. # 1). The Complaint appears to request that this Court "[t]ransfer . . . this case to OHIO . . . due to the fact that Debtor GMAC concealed the 'set-off' of claims, 'repurchase agreement by Huntington National Bank,' and 'unpaid transfer gain taxes' in the Ohio BR cases 'so as to cure a defect of personal jurisdiction over the defendants." Complaint at 4.

2

On July 30, 2012, the Debtors filed their *Answer and Affirmative Defenses to Yvonne D. Lewis, et al.'s Adversary Complaint by Surplus Creditors for False Claims and RICO, 31 U.S.C.A. §§ 3729 to 3733; 18 U.S.C. §§ 666, 1962; BR Rule 7008.* (ECF Doc. # 7.) On August 8, 2012, the Court held a status conference on this matter, and on August 10, 2012, the Plaintiffs filed a pleading they referred to as a "Settlement Conference Report." (ECF Doc. # 11.) On August 23, 2012, the Plaintiffs filed their Summary Judgment Motion. The Plaintiffs then filed a *Request for Admissions of Specific Documents and Facts*, dated August 27, 2012. (ECF Doc. # 13.) Defendants filed their response to Plaintiffs' Summary Judgment Motion. (ECF Doc. # 12.) On September 12, 2012, the Defendants filed their Motion for Judgment on the Pleadings.

Approximately eight days later, Plaintiffs filed their *Motion for Leave to File First Amended Complaint* ("Amended Complaint Motion") in which they characterized the Complaint as alleging that:

- "[T]he Debtors fail[ed] to include interest of the 'United States of America' pursuant to the permanent aviation easement attached to the plaintiffs 1975 FHA Mortgage Deed at issue under the Debtors April 4, 2012 consent judgment incorporated in the interim orders below";

- "[T]he Debtors caused injury to the UNITED STATES OF AMERICA and plaintiffs by Equity Skimming and aiding and abetting in a RICO enterprise . . . through a false 'self declaration' under 'state common law' by Affidavit of James Whitlinger . . . and 'Equity Skimming' and 'RICO' by concealment of state law Judgment lien in case 05-jg-6455 and federal FAA, FAR part 150, preemption 42 USC §§ 7573, 4621(c)(4)"; and

- "[F]ailure to mitigate loss nor modify the 1975 FHA mortgage loan of plaintiff Yvonne D. Moore a/k/a Yvonne Lewis as allegedly foreclosed upon on Sept. 12, 2011 . . . as within the class period beginning on January 1, 2008 and ending on December 31, 2011 for this courts interim orders . . . as prematurely rejected by the state of Ohio notwithstanding the RICO enterprise in Ohio Related Bankr Case Nos. 2:05-bk-75111, and 2:07-bk-57237, USBRC, S.D., OH.; and 2:96-cv-494, and 2:08-cv-75, at Doc. No. 65 ('Dismissal Order'), USDC, S.D., OH."

Amended Complaint Motion at 3-4.

In addition, well after the objection deadline had passed, Plaintiffs served an *Objection/Notice to Motion and Motion/Notice for Show Cause* on Debtors on September 25, 2012, in which they object to the Defendants' Motion for Judgment on the Pleadings. (Case No. 12-12020, ECF Doc. # 1944.) To the Court's knowledge, Plaintiffs never filed their objection with the Court; counsel for the Defendants informed the Court of the pleading. In their objection, Plaintiffs appear also to bring a contempt motion against two of the Debtors' attorneys for allegedly "conceal[ing] [a] defective affidavit of James Whitlinger." *See* ECF Doc. # 1944 at 3. As to the purported contempt motion, the Lewises provide absolutely no factual support for any of their claims. Accordingly, their motion to hold these attorneys in contempt is **DENIED**.

Both the Summary Judgment Motion and the Motion for Judgment on the Pleadings were heard on September 27, 2012. The Lewises failed to appear at the hearing in person or by telephone. After the hearing, and upon the Court's request, the Debtors filed a *Notice of Filing of Certain Orders Entered in the Bankruptcy Cases of Sidney T. Lewis and Yvonne D. Lewis* on October 4, 2012. (Case No. 12-12020, ECF Doc. # 1719.)

Numerous orders have been entered against the Lewises that find their motions to be frivolous and/or declare them vexatious litigants.[1]

---

[1]    *See, e.g.,* Order, *Lewis v. Holbrook*, Case No. 08-3357 (6th Cir. Aug. 14, 2008) ("Upon review, the motion is denied because any appeal by the Lewises would be frivolous."); Order Denying Debtor's Motion to Show Cause why Lindsey Sessile should not be Held in Contempt and Punished for Criminal Obstruction of Justice, *In re Sidney T. Lewis*, Case No. 07-57237 (Chapter 7) (Bankr. S.D. Ohio Apr. 27, 2009) ("In addition to being largely incomprehensible, the Motion is frivolous."); Omnibus Order Striking Notices of Removal and Denying Accompanying Motions to Proceed in Forma Pauperis, *In re Sidney T. Lewis*, Case No. 07-57237 (Chapter 7) (Bankr. S.D. Ohio Apr. 27, 2009) (characterizing the multiple removal notices filed by the Lewises as "frivolous" and determining that "[t]his Court will entertain no further notices by the Debtor or his spouse to remove actions to this Court"); Order Denying the Lewises' Motion to Proceed in Forma Pauperis on Appeal, *Lewis v. McLatchy*, Case No. 2:09-CV-936 (S.D. Ohio Jan. 5, 2010) ("For essentially the same reasons set forth in [previous Court orders] finding Mr. and Mrs. Lewis to be vexatious litigators, the Court cannot certify this appeal. Any argument raised on appeal would appear to be frivolous."); Order (1) Denying Motions to Proceed in Forma Pauperis; (2) Denying Motion to Reopen Case; and (3) Striking Notices of Removal, *In re Sidney T. Lewis,* Case No. 07-57237 (Chapter 7) (Bankr. S.D. Ohio Mar. 23, 2012) (finding that "[e]nough is enough" and noting that "[s]ince the filing of this case five years ago, the Court has expended far more of its scarce resources on Lewis's repetitious and frivolous filings than is justified"); Order Denying Motion to Reopen Closed Bankruptcy Case, *In re Yvonne Decarol Lewis,* Case

## II. DISCUSSION

### A. The Plaintiffs' Motion for Summary Judgment is Denied

Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056, states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To successfully assert that a fact is not in dispute or cannot be disputed, a movant must

> cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or show[] that the material cited do[es] not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Moreover, "[t]he party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [the movant's] right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d

---

No. 05-75111 (Chapter 7) (Bankr. S.D. Ohio Sept. 19, 2006) ("Debtor . . . has been cautioned against filing groundless pleadings in closed cases or adversary proceedings . . . . Further filings of baseless pleadings will result in the Court conducting a hearing to show cause why monetary sanctions should not be imposed."); Order Declaring Sidney T. Lewis and Yvonne D. Lewis to be Vexatious Litigators, *Lewis v. North Am. Specialty Ins. Co.,* Case No. 2:09-cv-179 (S.D. Ohio June 5, 2009) ("Plaintiffs are hereby warned that Rule 11 sanctions will be imposed if they continue to file frivolous lawsuits . . . . Furthermore, it is ORDERED that plaintiffs are barred from filing any action in this Court without submitting a certification from an attorney that their claims are warranted."); Order Denying the Lewises' Motion to Vacate and for Supplemental Leave to File, *Lewis v. North Am. Specialty Ins. Co.,* Case No. 2:09-cv-179 (S.D. Ohio Dec. 16, 2009) (denying the Lewises' motion to vacate after they filed the motion in violation of the anti-filing bar in place against them); Order Denying the Lewises' Motion to Proceed on Appeal in Forma Pauperis, *Lewis v. North Am. Specialty Ins. Co.,* Case No. 2:09-cv-179 (S.D. Ohio October 4, 2012) ("On June 5, 2009, before entering judgment, the Court declared Sidney T. Lewis and Yvonne D. Lewis to be vexatious litigators and ordered that they would not be permitted to proceed *in forma pauperis* in the future without first submitting a certificate from an attorney certifying that their claims were warranted.").

1051, 1060-61 (2d Cir. 1995); s*ee also McHale v. Boulder Capital LLC (In re The 1031 Tax Group, LLC)*, 439 B.R. 47, 58 (Bankr. S.D.N.Y. 2010).[2]

The Court concludes that Plaintiffs have not met their burden with respect to their Summary Judgment Motion. At best, Plaintiffs only appear to cite to two facts: (1) that "Mortgage-Assignee, Citi Mortgage" and "Mortgagee-Assignor, Chase Mortgage Company" assigned a certain "mortgage deed" to "GNMA . . . without the consent of HUD Mortgagor" in January 2011; and (2) "GMAC, as Assignee re-assigned [the mortgage deed] to Investor-Assignee . . . without the consent of HUD Mortgagor . . . ." Lewis Aff. ¶ 4. Yet, Plaintiffs provide no support or analysis about how those facts relate to the Plaintiffs' causes of action or otherwise entitle Plaintiffs to summary judgment.

Furthermore, in their Summary Judgment Motion, Plaintiffs appear to be bringing additional claims that are entirely different than the claims asserted in the Complaint. In the Complaint, Plaintiffs title their adversary proceeding as one "for False Claims and RICO." *See* Complaint. But in their Amended Complaint Motion, they add what appear to be additional legal theories under which they purport to bring claims (*i.e.*, "federal FAA, FAR part 150, preemption 42 USC §§ 7573, 4621(c)(4)"). *See* Amended Complaint Motion at 3-4. Moreover,

---

[2]    In addition, Bankruptcy Local Rule 7056-1(a) prohibits a party from filing a motion for summary judgment "without first seeking a pre-motion conference," which request must be "made by letter, filed on the CM/ECF system, setting forth the issues to be presented in the motion and the grounds for relief." S.D.N.Y. LOCAL BANKR. R. 7056-1(a). Moreover, Local Rule 7056-1(b) further states that "there shall be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." S.D.N.Y. LOCAL BANKR. R. 7056-1(e) additionally states that "each statement by the movant or opponent pursuant to subdivisions (b) or (c) of this rule, including each statement controverting any statement of material fact by a movant or opponent, shall be followed by citation to evidence which would be admissible." A plaintiff's failure to submit this statement "constitute[s] grounds for denial of the motion." S.D.N.Y. LOCAL BANKR. R. 7056-1(b); *Ross v. Tognetti (In re Tognetti),* No. 03-37171, 2006 Bankr. LEXIS 2216, at *55 (Bankr. S.D.N.Y. June 21, 2006) (denying plaintiffs' motion for summary judgment for failure to submit a statement under Local Rule 7056-1). The Lewises failed to comply with Local Rule 7056; accordingly, their failure alone can constitute grounds for denying their summary judgment motion. Nonetheless, in an abundance of caution, this Court has applied FED. R. CIV. P. 56 and determined that the Lewises have failed to establish that they are entitled to summary judgment.

in their Summary Judgment Motion, Plaintiffs add even more legal theories (*i.e.,* "[f]ederal preemption of state laws under National Housing Program 12 USC §§ 1710-1723"). *See* Summary Judgment Motion at 5-6. Simply put, this is improper. *See Brown v. Raimondo,* No. 06-773, 2009 U.S. Dist. LEXIS 129840 (N.D.N.Y. Feb. 25, 2009) (holding that the plaintiff's summary judgment motion papers are "not the proper vehicle to instill new causes of action").

### B. The Defendants' Motion for Judgment on the Pleadings is Granted

Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7012, states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In deciding a Rule 12(c) motion for judgment on the pleadings, courts apply the same standard applicable to a motion under Rule 12(b)(6). *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010); *see also* FED. R. CIV. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)").

To survive a motion to dismiss, the plaintiff must "*plausibly* suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (emphasis added). When considering a motion to dismiss under either Rule 12(b)(6) or Rule 12(c), the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999). However, the court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In addition, Rule 8 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7008, requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought . . . ." FED. R.

7

CIV. P. 8. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that consists only of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not withstand scrutiny, "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

The Court **GRANTS** the Debtors' Motion for Judgment on the Pleadings. The Complaint identifies various legal statutes and claims, for example, that "this is an adversary action to aver allegation on behalf of the United States of America under the False Claims act." *See* Complaint at 3. Further, in their motion for leave to amend their complaint, the Plaintiffs include additional legal statutes and claims that they misleadingly state were contained in their Complaint. However, the Plaintiffs do not explain how any of these statutes or claims relate to the Debtors, their chapter 11 case, or the facts of whatever dispute the Plaintiffs are attempting to resolve. The Court cannot discern any "viable claim alleged or even intimated." *Sassower v. Alito (In re Sassower),* No. 05-23150, Adv. Proc. No. 05-8730, 2007 Bankr. LEXIS 1579, at *6-7 (Bankr. S.D.N.Y. May 3, 2007) (granting the defendants' motion to dismiss because "the complaint does not allege any facts demonstrating or even suggesting that any of the defendants engaged in any conduct which had any economic or other impact on [the plaintiff] which could possibly give rise to any legal or equitable claim in favor of [the plaintiff] against any defendant").

### C. The Plaintiffs' Request for Leave to Amend the Complaint is Denied

Rule 15(a) of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7015, states that leave to amend a complaint must be "freely given when justice so requires." FED. R. CIV. P. 15(a). However, a court will deny leave to amend when "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 111 (2d Cir. 2001)*; see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *TechnoMarine S.A. v. Giftports, Inc.,* 2012 WL 3964734 (S.D.N.Y. Sept. 10, 2012).

The Court concludes that allowing Plaintiffs leave to amend their complaint would be futile. Even upon a careful parsing of the Complaint, Leave to File Amended Complaint Motion, Summary Judgment Motion, and exhibits that Plaintiffs have filed in this adversary proceeding, it is exceedingly unclear what relief Plaintiffs are seeking. Plaintiffs reference federal laws and other legal theories, but they change with each motion. Moreover, Plaintiffs offer no intelligible factual support to explain how they have been harmed by the Debtors, or articulate any legally cognizable claim. The Court's conclusion is supported by the fact that Plaintiffs have been found to be vexatious litigants in at least one court in this country, and have filed countless motions that have been deemed "frivolous" by state courts, federal district courts, and the Sixth Circuit.

### III. CONCLUSION

The Plaintiffs' Summary Judgment Motion is **DENIED**. The Defendants' Motion for Judgment on the Pleadings is **GRANTED** with prejudice, and the Plaintiffs' Amended Complaint Motion is **DENIED**.

Any further filings by Plaintiffs in this Court may result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: November 1, 2012
      New York, New York

                                       __/s/ Martin Glenn__
                                        MARTIN GLENN
                              United States Bankruptcy Judge